**STATE of Tennessee, Appellee,**

v.

**David William YORK, Appellant.**

Supreme Court of Tennessee.

May 4, 1981.

---

John C. Zimmermann, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

Steven C. Douglas, Sabine & Douglas, Crossville, for appellant.

## OPINION

FONES, Justice.

Defendant appeals from a judgment of the Circuit Court of Cumberland County revoking his probation after a de novo hearing. Defendant's probation was first revoked by a juvenile court referee, who was a licensed lawyer, and that action was affirmed by a non-lawyer judge after defendant sought and was granted a rehearing pursuant to T.C.A. § 37–207(c).

When the case came on for trial in the Circuit Court, defendant sought to have the case remanded to the juvenile court for a rehearing, as authorized in T.C.A. § 37–207(c), on the grounds that his constitutional right to due process was denied by the rehearing before a non-lawyer juvenile court judge, relying upon *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779 (Tenn.1980). Defendant asserted that he did not raise that issue at the rehearing because *Anglin* was released only the day before the rehearing and counsel did not know about the decision.

The learned circuit judge denied the motion, proceeded with a de novo hearing, and entered judgment revoking defendant's probation. The only question raised on this appeal is the propriety of the trial judge's action in denying the motion to remand for a T.C.A. § 37–207(c) rehearing before a lawyer juvenile court judge. We affirm the action of the trial judge in denying that motion.

### I.

On January 3, 1980, a petition was filed in the juvenile court of Cumberland County alleging that defendant had violated his probation. His present counsel was appointed to represent him, and on January 17, 1980, a hearing was held before the duly appointed juvenile referee of Cumberland County, a licensed lawyer. The referee revoked his probation and no question has been raised at any stage involving the sufficiency of that hearing or the resulting adjudication.

On January 17, defendant filed a request for a rehearing pursuant to T.C.A. § 37–207(c). On January 22, 1980, a hearing de novo was held by the juvenile judge pro tem of Cumberland County, Tennessee, a non-lawyer. The juvenile judge affirmed the action of the lawyer-referee and entered judgment revoking defendant's probation.

Defendant promptly appealed to the Circuit Court of Cumberland County, and the circuit judge entered an order on January 24, suspending the action of the juvenile court revoking the probation until the circuit court hearing could be held. On February 18, 1980, the case came on for trial in the circuit court, and as aforesaid, at the beginning of the hearing defendant moved for a remand of the case for a T.C.A. § 37–207(c) rehearing before a lawyer juvenile court judge, which motion was overruled.

T.C.A. § 37–207, in its entirety, reads as follows:

"*Referees—Compensation—Powers— Findings—Rehearing—Saving clause.—* (a) The judge of the juvenile court may appoint one or more suitable persons to act as referees at the pleasure of the judge. A referee shall be a member of the bar and may qualify and shall hold office at the pleasure of the judge and may qualify under the civil service regu-

lations of the county. The compensation of a referee shall be fixed by the judge with the approval of the county court or the pertinent governing body, and paid from public funds.

The judge may direct that any case or class of cases shall be heard in the first instance by the referee in all cases wherein the juvenile court has jurisdiction in the manner provided for the hearing of cases by the court.

(b) A referee shall have the same authority as the judge to issue any and all process. The referee in the conduct of the proceedings shall have the powers of a trial judge.

(c) Upon the conclusion of the hearing in each case, the referee shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing.

Any party may, within five (5) days thereafter, excluding Sundays and holidays, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on his own motion, order a rehearing of any matter heard before a referee, and shall allow a hearing if a request for such hearing is filed as herein prescribed.

In case no hearing before the judge is requested, or when the right to a hearing is waived, the findings and recommendations of the referee become the decree of the court when confirmed by an order of the judge. The final order of the court shall, in any event, be proof of such confirmation, and also of the fact that the matter was duly referred to the referee.

(d) All prior sections governing the organization, jurisdiction, and management of juvenile courts referred to in this section, which are not in conflict with this section shall remain in full force and effect, and all sections in conflict with this section are hereby repealed."

In terms of due process, a T.C.A. § 37–207(c) rehearing, following a full dress hearing before a lawyer referee is an optional, redundant step. The subsection's principal function is procedural in that whether a rehearing is sought or waived, it results in a decree by the juvenile judge from which an appeal can be taken to the circuit court. The interests of a speedy disposition of juvenile cases, and of due process, are best served by proceeding directly from a lawyer referee to a de novo hearing before a circuit judge and appellate review, if sought, even if the juvenile judge is also a lawyer.

A demand for a T.C.A. § 37–207(c) rehearing and the insistence that it must also be conducted by a lawyer would result in three do novo hearings before three lawyers, prior to the case becoming eligible for normal appellate review. *Anglin* clearly does not mandate that result, and we are not aware of any due process decision that would embrace such a requirement. We do not regard this view of a T.C.A. § 37–207(c) rehearing as intruding upon or diminishing, in any respect, the due process principles declared in *State ex rel. Anglin v. Mitchell, supra.*

The January 17 trial before a lawyer-referee, with appointed counsel at defendant's side, fully satisfied the *Anglin* requirement. The existence of an optional rehearing authorized by T.C.A. § 37–207(c) is simply not a significant step, in our opinion, in insuring due process to juveniles charged with offenses that may result in incarceration. Therefore, it is immaterial whether that rehearing judge is a lawyer or a non-lawyer if the rehearing is preceded by a due process trial before a lawyer-referee, as occurred in this case.

The judgment of the Circuit Court of Cumberland County is affirmed. Costs are adjudged against defendant.

HARBISON, C. J., and BROCK and DROWOTA, JJ., concur.

DAVIS, Special Judge, dissents—see separate opinion.

DAVIS, Special Judge, dissenting.

I respectfully dissent from the majority opinion.

Appellant defendant was committed to the Department of Correction by a non-lawyer Juvenile Judge.

Article 1, Section 8 Constitution of Tennessee provides:

"That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

In *State ex rel. Anglin b/n/f v. Mitchell et al.*, 596 S.W.2d 779 it was held that in the context of a juvenile commitment, that "the law of the land" provision of Article 1, Section 8 of the Constitution of Tennessee does not permit a judge who is not licensed to practice law to make any disposition of a juvenile that operates to confine him or deprive him of his liberty. Clearly under that ruling the judgment of the Juvenile Court was invalid when it committed appellant to the Department of Correction. The fact that the Referee was a licensed lawyer did not in my view alter appellant defendant's right to a lawyer judge in Juvenile Court when he was there accorded a rehearing.

I believe that *State ex rel. Anglin v. Mitchell*, supra, governs the determination of the issue in this case. In addition to holding that a non-lawyer judge cannot confine or deprive a juvenile of his liberty the case approves the concept that in Tennessee the de novo remedy does not in all instances lessen the deprivation of liberty and that one charged is entitled to a neutral and detached, (and otherwise qualified) judge in the first instance. In the *Anglin* case it was said:

"We cannot countenance and classify as constitutional any procedure whereby it is necessary that a citizen stand two trials in order to get one fair trial."

I believe that public policy, fundamental fairness and basic rights to individual freedom transcends other considerations. I would hold that appellant defendant was entitled to be tried by a Juvenile Judge who was a licensed lawyer; that such right was a continuing constitutional guarantee under Article 1, Section 8 of the Constitution of Tennessee at all stages of the adjudicatory process; that appellant defendant must be assured of his right to a trial conducted by a qualified judge at all judicial levels; that a failure thereof at any point or in any Court vitiates any judgment depriving him of his liberty; that the de novo trial in Circuit Court did not cure the defect inherent in the Juvenile Court judgment; that his motion in Circuit Court to remand the case to Juvenile Court for trial by a qualified judge should have been sustained.